UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTOS APOSTOLOU,

          Plaintiff,

          -against-

MERRILL LYNCH & CO.,

          Defendant.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

06 CV 4944 (RJD) (LB)

DEARIE, Chief Judge.

Plaintiff pro se, formerly an employee of Merrill Lynch International Bank Limited ("MLIB"), brings this action against MLIB's parent company Merrill Lynch & Co. ("Merrill Lynch"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"), as well as breach of contract. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant moves to dismiss the complaint. For the reasons explained below, defendant's motion is converted to one for summary judgment pursuant to Fed. R. Civ. P. 56, and decision is reserved.

**BACKGROUND**

Plaintiff was employed as a "Portfolio Manager" servicing individual investors in MLIB's London offices until his termination, which took effect on June 22, 2005. Compl. 12. Claiming discrimination on the basis of race, religion, and sex, as well as breach of contract and "unfair dismissal," plaintiff sought relief in England's system of Employment Tribunals. Id. 6-10.

On January 26, 2006, following a hearing that included testimony from plaintiff and from MLIB's London International Payroll Supervisor, the Central London Employment Tribunal

dismissed plaintiff's discrimination and breach of contract claims, but permitted him to advance to a hearing on his unfair termination claim. Gavaris Aff. Ex. 4. On April 10, 2006, after a three-day hearing at which plaintiff and three MLIB employees testified, the Employment Tribunal dismissed plaintiff's claim of unfair termination. Id. Ex. 6. Plaintiff appealed both rulings. On October 18, 2006, the Employment Appeal Tribunal affirmed the dismissal of plaintiff's unfair termination claim, and on November 22, 2006, it affirmed the dismissal of his other claims. Id. Exs. 5, 7.

On April 17, 2006, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging Title VII and ADEA violations on the part of defendant Merrill Lynch. Citing lack of jurisdiction, the EEOC dismissed plaintiff's charge and issued a right-to-sue letter on July 17, 2006.

On September 11, 2006, plaintiff commenced this lawsuit. He alleges that he was unlawfully terminated on the basis of his age (forty-nine at the time of his discharge), his ethnic and national origin (he is a dual citizen of Greece and the United States, and resides in Greece), and his religious belief (he is a Christian). He alleges further that he was denied a promotion on the basis of religion, underpaid on the basis of national origin, and subjected to harassment on the basis of religion and sex. Finally, he alleges that defendant breached his contract of employment in three ways: by depriving him of pension benefits, by paying him in British pounds sterling instead of in U.S. dollars, and by miscalculating his severance payment.[1]

---

[1] Defendant's claim that termination is "the *only* alleged 'unlawful employment practice' complained of by Plaintiff," Def.'s Mem. Supp. Mot. Dismiss [hereinafter Def.'s Mem.] 9 (emphasis added), is inaccurate. Although, in filling out the standard questionnaire that constitutes the first five pages of his complaint, plaintiff checked only the box marked "termination," and failed to check boxes marked "Failure to promote" and "Unequal terms and

Defendant now seeks dismissal on the following grounds: (1) Plaintiff's EEOC charge was untimely; (2) MLIB, not Merrill Lynch, was plaintiff's employer; and (3) plaintiff is collaterally estopped from pursuing this lawsuit because of his unsuccessful litigation abroad.[2]

## DISCUSSION

### A.   Standard of Review

The Federal Rules of Civil Procedure require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so that the defendant receives "fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957). In considering a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, the Court "tak[es] as true the facts alleged in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., Inc., 32 F.3d 697, 699-700 (2d Cir. 1994). Where a plaintiff proceeds pro se, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

---

conditions of my employment," he also attached a narrative expressly alleging "deni[al of] a chance at a promotion," "Equal pay discrimination," and "Sexual Harassment," as well as "Breach of contract." The same language appears in an affidavit attached to plaintiff's EEOC charge. Gavaris Aff. Ex. 8. Such allegations are properly considered as part of the complaint itself. See Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (treating plaintiff's "allegations in the affidavit she submitted to the EEOC as an integral part of her pleadings"). The Court expresses no view about whether any of these allegations properly states a claim.

[2]Defendant contends further that "even if plaintiff were to amend his complaint to assert claims against [MLIB], this court would still have to dismiss the complaint for lack of subject matter jurisdiction." Def.'s Mem. 11. The Court need not consider this contention, since plaintiff has not attempted such an amendment.

3

On a Rule 12(b)(6) motion, the Court "must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" Leonard F. v. Israel Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). With regard to judicial notice, a court may "take notice of public documents filed in another proceeding, 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" Telesca v. Long Island Housing P'ship, Inc., 443 F. Supp. 2d 397, 403 (E.D.N.Y. 2006) (quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)). "'When matters outside the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)).

Here, both parties have submitted materials beyond the pleadings. Some of these materials—those attached to and referenced by the complaint—plainly are within the scope of the Court's consideration. Also properly considered by the Court at this time are public documents related to plaintiff's prior litigation before the Employment Tribunal; however, those documents may be considered only as establishing the fact of the earlier litigation, and not as proving the factual assertions and determinations they contain. Many other of the parties' submissions, meanwhile, including numerous exhibits accompanying defendant's motion to dismiss,

4

plaintiff's opposition, and defendant's reply, are beyond the scope of the Court's consideration on this Rule 12(b)(6) motion. For the reasons explained below, although neither party has requested that the Court convert defendant's motion to one for summary judgment, the Court finds that conversion is warranted.

**B.     Proper Defendant**

In support of its motion to dismiss, defendant argues that it was not plaintiff's employer, and therefore is not a proper defendant in this case. Def.'s Mem. 7-8. According to defendant, "Plaintiff was employed by MLIB, a separate and distinct legal entity from Defendant Merrill Lynch." Def.'s Reply Mem. Supp. Mot. Dismiss 2. Defendant acknowledges, however, that MLIB is "an indirect, wholly-owned subsidiary of Merrill Lynch, the holding company." Def.'s Mem. at 12 n.4. If the two corporations are sufficiently interrelated, Merrill Lynch may be liable for unlawful employment practices engaged in by MLIB. To determine whether a parent company may be charged with unlawful employment practices engaged in by its subsidiary, a court of this circuit considers four factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir. 1995). See also Levine v. Reader's Digest Ass'n, Inc., No. 06 Civ. 0590, 2006 U.S. Dist. LEXIS 43731, at *11 (S.D.N.Y. June 16, 2006) (applying rule of Cook in the ADEA context); Sabol v. Cable & Wireless PLC, 361 F. Supp. 2d 205, 208 n.3 (S.D.N.Y. 2005) (same).[3] Plainly, the Court cannot conduct the

---

[3] Title VII and the ADEA require that the same factors be used in determining whether a domestic corporation "controls" a foreign corporation and therefore is liable for its unlawful employment practices. 42 U.S.C. § 2000e-1(c)(3); 29 U.S.C. § 623(h)(3).

required factual analysis on the basis of the pleadings alone. It therefore must defer consideration of this question.

C.     **Timeliness**

Defendant next argues that plaintiff's discrimination claims based on termination must be dismissed on the ground that his EEOC charge was untimely filed.[4] Def.'s Mem. 9-10. Under both Title VII and the ADEA, the maximum available time for filing an EEOC charge is 300 days from the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). Where a plaintiff alleges discriminatory discharge, "[t]he 300-day period . . . starts running on the date when [he] receives a definite notice of the termination, not upon his discharge." Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir. 1985). The effective date of plaintiff's discharge was June 22, 2005, or 299 days prior to his EEOC filing on April 17, 2006. But according to defendant, plaintiff received notice of his termination on April 27, 2005, more than 300 days prior to his filing. If defendant is correct, plaintiff's termination claims are indeed out of time. Here again, however, a question of fact arises, since plaintiff has not conceded that he *received notice* on April 27, 2005, as defendants insist, but only that the *decision* to fire him was made on that day. Pl.'s Mem. Opp'n Mot. Dismiss [hereinafter Pl.'s Opp'n] ii. Thus the Court cannot determine, on the pleadings alone, whether plaintiff's discrimination claims based on his termination are timely, and it defers consideration of this question, as well.

---

[4]Defendant has not expressly challenged the timeliness of plaintiff's claims based on denial of promotion, unequal pay, sexual and religion-based harassment, or breach of contract.

6

### D. Collateral Estoppel

Finally, defendant contends that "[t]he claims of discrimination alleged in this action are identical to the claims that Plaintiff filed . . . against MLIB with the Employment Tribunal in London," and argues that the adverse judgments plaintiff received in that forum preclude him from pursuing this litigation. Def.'s Mem. 12-15. Plaintiff responds that the judgment of the Employment Tribunal should not bind him because the Tribunal did not hear all of the claims he is pursuing currently and because the judge before whom he appeared was biased against him. Pl.'s Opp'n iii.

Collateral estoppel, also known as issue preclusion, "bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to the judgment." Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995). It is "well settled" that a court may grant a Rule 12(b)(6) motion on the ground that a plaintiff's claims are collaterally estopped. Sassower v. Abrams, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993). In considering the question of collateral estoppel on a Rule 12(b)(6) motion, the Court "can consider the prior opinion of the other court . . . without violating the rule that prohibits examination of materials outside the complaint." Hvide Marine Int'l, Inc. v. Employers Ins. of Wausau, No. 88 Civ. 1523, 1989 U.S. Dist. LEXIS 13528, at *7 (S.D.N.Y. Nov. 15, 1989). "However, if it is necessary to examine any of the pleadings filed in that prior case, such as the answer, the proper practice would be to convert the motion to dismiss into a motion for summary judgment under Rule 56." Id.

Further, although "the doctrine [of issue preclusion] applies to issues decided by the courts of foreign countries," before a court can evaluate the preclusive effect of a foreign

judgment, it must apply the doctrine of comity to determine whether that judgment is entitled to recognition. Alfadda v. Fenn, 966 F. Supp. 1317, 1325 (S.D.N.Y. 1997). Comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." Hilton v. Guyot, 159 U.S. 113, 164 (1895). Applying this principle, a court of the United States may recognize the judgment of a foreign tribunal, provided that

> the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties, and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record . . . [and] unless some special ground is shown for impeaching the judgment, as by showing that it was affected by fraud or prejudice, or that, by the principles of international law, and by the comity of our own country, it should not be given full credit and effect.

Id. at 206-07. Although comity "is not an imperative obligation of courts but rather is a discretionary rule of 'practice, convenience, and expediency.'" J.P. Morgan Chase Bank v. Altos Hornos de Mexico, S.A., 412 F.3d 418, 423 (2d Cir. 2005) (quoting Pravin v. Banco Popular del Peru, 109 F.3d 850, 854 (2d Cir. 1997)), courts of the United States "generally extend comity whenever the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy." Victrix S.S. Co. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987). See also Pravin, 109 F.3d at 854 ("United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States."). Moreover, "[t]he circumstances under which federal courts will disregard foreign

proceedings 'are construed especially narrowly when the alien jurisdiction is . . . a sister common law jurisdiction with procedures akin to our own.'" United States v. U.S. Currency in the Amount of $294,600, No. CV-91-2567, 1992 U.S. Dist. LEXIS 10213, at *14 (E.D.N.Y. July 2, 1992) (quoting Clarkson Co. v. Shaheen, 544 F.2d 624, 629-30 (2d Cir. 1976)). Deference to foreign judgments on the basis of comity "extends even to nonjudicial forums that are part of the administrative apparatus of sovereign states." In re Assicurazioni Generali S.p.A. Holocaust Ins. Litig., 228 F. Supp. 2d 348, 355 (S.D.N.Y. 2002).

Once again, however, resolution at this stage is inappropriate. In order to evaluate defendant's claim that plaintiff is collaterally estopped, the Court must determine whether the judgments plaintiff received in the Employment Tribunal are entitled to recognition. The parties have provided this Court with seven orders of English administrative tribunals related to plaintiff's case, none of which causes this Court to doubt that plaintiff's claims were adjudicated in a manner consistent with the requirements of Hilton—and none of which substantiates plaintiff's claim that the judgments he received were "screamingly biased and unjust." Pl.'s Opp'n at iii. Nevertheless, plaintiff asks the Court to consider numerous additional exhibits on this point, including his correspondence with the Employment Tribunal, which are beyond the scope of the Court's consideration on this Rule 12(b)(6) motion. As with the issues discussed above, therefore, the Court reserves judgment on the question of collateral estoppel.

## CONCLUSION

Without considering materials beyond the pleadings, the Court is unable to evaluate the arguments advanced by defendant in support of its motion for dismissal, or plaintiff's arguments

9

in opposition. The Court may not look beyond the pleadings on this Rule 12(b)(6) motion, however. Accordingly, defendant's motion is converted to one for summary judgment pursuant to Fed. R. Civ. P. 56. The Court authorizes limited discovery and supplemental submissions *only* on three questions: (1) whether some or all of plaintiff's claims should be dismissed on timeliness grounds; (2) whether Merrill Lynch is a proper defendant in this case; and (3) whether plaintiff is collaterally estopped from pursuing this litigation by the judgments he received before the Employment Tribunal.

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2007

s/ Judge Raymond J. Dearie
───────────────────────
RAYMOND J. DEARIE
United States District Judge